The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: September 20 2021

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-33048 |
| | ) | |
| Del Jon Bristol, Jr., | ) | Chapter 7 |
| Serena Stamm Bristol, | ) | |
| Debtors. | ) | Adv. Pro. No. 20-03010 |
| | ) | |
| Andrew R. Vara, | ) | JUDGE MARY ANN WHIPPLE |
| United States Trustee, Region 9 | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Del Jon Bristol, Jr. and | ) | |
| Serena Stamm Bristol, | ) | |
| Defendants. | ) | |

**ORDER GRANTNG DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This adversary proceeding is before the court on Defendants' Motion for Judgment on the Pleadings [Doc. # 43], Plaintiff's Objection [Doc. # 47], and Defendants' Reply [Doc. # 55]. The court held a hearing on the motion and related matters on September 15, 2021. At the hearing, counsel for Plaintiff and Defendants participated by telephone.

Defendants Del Jon Bristol, Jr. and Serena Stamm Bristol ("Defendants") are the debtors in an underlying Chapter 7 bankruptcy case filed in this court. [*See* Case No. 19-33048]. Plaintiff is the United States Trustee for Region 9 ("UST").

On February 18, 2020, the UST timely filed his adversary complaint against Debtors seeking to deny their discharges, alleging withholding of records under 11 U.S.C. § 727(a)(4)(D) and failure to maintain records under 11 U.S.C. § 727(a)(3). Following Defendants' timely answer, Plaintiff moved to amend the complaint. [Doc. # 20]. The court granted Plaintiff's motion [Doc. # 23] and Plaintiff filed his amended complaint on November 11, 2020. [Doc. # 24]. The amended complaint alleges causes of action under 11 U.S.C. § 727(a)(2)(a) for concealment of tax refunds (Count I) and under 11 U.S.C. § 727(a)(3) for failure to maintain records. (Count II) [*Id*.]

The court held a pretrial scheduling conference on the amended complaint on January 6, 2021. At the pretrial conference, having heard the positions of both sides, the court set a discovery deadline of May 7, 2021, and a further pretrial for May 14, 2021. [Doc. # 31]. On May 5, 2021, Plaintiff moved to extend the time by which the parties should complete discovery through August 2021. [Doc. # 34]. On May 18, 2021, Defendants filed their objection to extension of the discovery deadline. [Doc. # 39].

Prior to a hearing on Plaintiff's motion to extend the discovery deadline, Defendants filed the instant motion for judgment on the pleadings with respect to the amended complaint. At the hearing on September 15, 2021, the court confirmed with counsel for Defendants that the motion sought only partial judgment on the pleadings and only as to Count II of the amended complaint brought under § 727(a)(3) alleging failure to keep or preserve records.[1] Having clarified that issue, the court informed the parties of its decision on the motion, indicating that a written order would follow. This is that order.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11. The proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Objections to discharge are core proceedings that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(J). Both sides haver consented to entry of final orders and judgements by this court.

## LAW AND ANALYSIS

A motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012. The court evaluates a motion for judgment on the pleadings in the same manner as it reviews a motion for failure to state a claim under 12(b)(6) of the Federal Rule of Civil Procedure. *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006).

---

[1] At the hearing the court further addressed the motion for extension of the discovery deadline and has issued a separate order ruling on that motion.

Thus, under Rule 12(c), "well pleaded material allegations of the opposing party's pleading are to be taken as true and all inferences are to be taking in favor the nonmoving party." 10 COLLIER ON BANKRUPTCY ¶ 7012.06 (16th ed.), citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). *See also Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (citation omitted). A Rule 12(c) motion for judgment on the pleadings asks whether the "complaint . . . contain[s] sufficient factual material, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his opposition to the motion, Plaintiff attached two affidavits for consideration by the court. The consideration of evidence outside of the pleadings on a Rule 12(c) motion was recently addressed by the Sixth Circuit:

> [I]t is black-letter law that, with a few irrelevant exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings. *See Ross v. PennyMac Loan Servs. LLC*, 761 F. App'x 491, 494 (6th Cir. 2019); *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012); 5B Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1357, at 375–76 (3d ed. 2004); 5C Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1368, at 238, 242 (3d ed. 2004). This rule applies just as much when the plaintiff attaches evidence to its opposition as when (as is more common) the defendant attaches evidence to its motion. Cf. 5C Wright, supra, § 1366, at 150, 155–56. "The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE §12.34[2], LEXIS (database updated 2020).

*Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). *See also Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) (the mere presentation of evidence outside of the pleadings, absent the court's rejection of such evidence, is sufficient to trigger conversion of a Rule 12(c) motion to summary judgment). As it informed counsel at the hearing on September 15, 2021, the court declines to consider and has disregarded those affidavits in ruling on Defendant's motion for partial judgment on the pleadings. It will not convert the motion to one under Rule 56 for summary judgment, which, as the court explained at the hearing, would be inappropriate in part given the amended complaint and the original discovery deadline.

A debtor will be denied a Chapter 7 discharge if he has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained, unless such an act was justified under all the circumstances of

3

the case." 11 U.S.C. § 727(a)(3). This provision protects the interest of "creditors …[as the debtor] is required to take such steps as ordinary fair dealing and common caution dictate to enable the creditors to learn what he did with his estate." 6 COLLIER ON BANKRUPTCY ¶ 727.03[1] (16th ed), citing *United States v. Trogdon (In re Trogon)*, 111 B.R. 655, 658 (Bankr. N.D. Ohio 1990).

Plaintiff has the burden of going forward to establish a prima facie case under 11 U.S.C. § 727(a)(3) and must prove two things by a preponderance of the evidence to do so: (1) that the debtor failed to keep or preserve recorded information; and (2) debtor's financial condition and business transactions might be ascertained from such missing recorded information. *See Turoczy Bonding Co. v. Strbac (In re Strbac)*, 235 B.R. 880, 882-83 (B.A.P. 6th Cir. 1999); *Strzesynski v. Devaul (In re Devaul)*, 318 B.R. 824, 829, 832-34 (Bankr. N.D. Ohio 2004). If this prima facie case is established the burden of proof shifts to defendant to justify the lack of records under all of the circumstances of the case. *Id*.

The amended complaint is long. All prior averments and paragraphs are incorporated by reference in Plaintiff's statement of his § 727(a)(3) claim. The amended complaint gives factual context to the background and types of financial and business transactions in which Defendants engaged pre-petition, including as involves their wholly owned limited liability company through which they operated a business building log homes, all of which is taken as true for purposes of deciding the instant motion. The amended complaint also sets forth the sluggish history of their record production at Plaintiff's request, and specifies the extensive documents and information sought and eventually turned over, albeit late.

The penultimate paragraph of the amended complaint that attempts to synthesize the extensive facts set forth in the preceding paragraphs into an actionable claim under § 727(a)(3) states as follows:

> Although Defendants provided the requested documents, the records, as provided, make it difficult, if not impossible, to determine the amount of funds that Defendants put into the company and how much they took out. This determination is essential to review the accuracy of Defendants' income reported in their schedules, statement of financial affairs and tax returns. Questions remain because Defendants claim contributions to the business, some from Ms. Bristol's mother. Defendants claim that any draws from the business in the two years preceding the bankruptcy were repayment of member loans, but the business tax returns do not evidence any loans. Furthermore, Defendants paid personal expenses from the business account. All these factors make it impossible to determine Defendants' financial condition.

[Doc. # 24, ¶ 42].

The court finds this paragraph insufficient to allege a plausible cause of action under § 727(a)(3). While it states what Plaintiff (and by inference creditors) is unable to determine from the records finally turned over, it fails to "provide specific facts such that a defendant is put on notice of the exact recorded

4

information [they] ha[ve] failed to keep, preserve, or maintain." *Steele Matheny v. Maier (In re Maier)*, 498 B.R. 340, 346-47 (Bankr. M.D. Fla. 2013); *see also Neiman v. Irmen (In re Irmen)*, 379 B.R. 299, 311 (Bankr. N.D. Ill. 2007) (No identification of books and records that are known to have existed or should exist that were not created or no longer exist). *Cf. Walz v. Smith (In re Smith),* 592 B.R. 390, 397-99 (Bankr. N.D. Ga. 2018) (Same principles applied in procedural context of summary judgment).

Failing to plead these facts and offering instead threadbare and conclusory allegations precludes Defendants from offering and proving a justification for their alleged failure. *In re DeVaul,* 318 B.R. at 833-34 ("In most § 727(a)(3) cases, the heart of the case will thus be a debtor's justification for lack of recorded information."). Nowhere are Defendants told the facts about what records and kinds of records they should have created and kept given the facts about the nature of their business and related personal transactions to enable their creditors to understand what they did with the money customers paid them, movement of cash between Defendants personally and the business entity and their overall financial conditions. The amended complaint tells us what records they had and turned over. It does not tell us what they should have had but did not. That is the linchpin of a § 727(a)(3) claim, in the absence of which the averments in paragraph 42 are conclusory, speculative (in that the court and Defendants are left to speculate about what they should have had that they did not turn over) and thus fail to set forth a plausible claim. *See Bates v. Green Farms Condominium Ass'n*, 958 F.3d at 483 (noting *Twombly's* directive that allegations must rise above the speculative level).

Accordingly, for the reasons stated above and otherwise on the record at the hearing

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings [Doc. # 43] as it pertains to Count II brought 11 U.S.C. § 727(a)(3) is **GRANTED**. This adversary proceeding shall continue only with respect to Count I of the amended complaint.

# # #

5

20-03010-maw    Doc 62    FILED 09/20/21    ENTERED 09/20/21 14:43:18    Page 5 of 5